*Chavez De Cruz v. Garland*

BIA
A208 983 806

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-four.

PRESENT:
        MICHAEL H. PARK,
        EUNICE C. LEE,
        MARIA ARAÚJO KAHN,
           *Circuit Judges.*

_____

EMMA ARELY CHAVEZ DE CRUZ,
        *Petitioner,*

        v.                    **22-6137**

                                   NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:** Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in remaining part.

Petitioner Emma Arely Chavez de Cruz, a native and citizen of El Salvador, seeks review of a February 18, 2022 decision of the BIA denying her motion to reopen. *In re Emma Arely Chavez De Cruz*, No. A 208 983 806 (B.I.A. Feb. 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and its fact-finding on changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). A motion to reopen ordinarily must be filed within 90 days of a final order of removal. *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  It is undisputed that Chavez de Cruz's motion was untimely because she filed it in March 2020, more than four months after the BIA affirmed her removal order in October 2019.

The time limit does not apply, however, if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  "[A] petitioner must show changed country conditions in order to exceed the 90-day filing requirement . . . .  A self-induced change in personal circumstances cannot suffice."  *Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 274 (2d Cir. 2006) (citation omitted).

Here, we find no abuse of discretion.  In considering evidence of changed country conditions, the BIA must "compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quotation marks omitted).  The BIA has broad discretion in how it conducts this review, but it must

3

"explicitly consider any country conditions evidence submitted by an applicant that materially bears on h[er] claim." *Id*. It abuses its discretion when it fails to address material evidence or "provides no rational explanation" and produces a decision "devoid of any reasoning, or contain[ing] only summary or conclusory statements." *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (quotation marks omitted). In addition, a movant's "ability to secure reopening depends on demonstration of *prima facie* eligibility for asylum, which means she must show a realistic chance that she will be able to obtain such relief," and must carry "the heavy burden of demonstrating that the proffered new evidence would likely alter the result in her case." *Jian Hui Shao*, 546 F.3d at 168 (quotation marks omitted).

On this record, the BIA did not err in dismissing Chavez de Cruz's motion for failure to show a material change in conditions in El Salvador since her hearing. To support her motion, Chavez de Cruz attached eleven news articles documenting gang violence in El Salvador, only four of which were published after her initial March 2018 hearing. Because a motion to reopen requires new evidence and the changed country conditions exception to the 90-day deadline

4

requires evidence of *changed* conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), the BIA did not abuse its discretion in concluding that the articles that were previously available did not support reopening.   The remaining articles reflected severe gang violence and a high murder rate, but substantial evidence supported the BIA's determination that this new evidence showed a continuation of, not a meaningful increase in, gang violence.

Moreover, the BIA also reasonably determined that Chavez de Cruz's alleged changes in circumstance would not affect her eligibility for relief.   She did not sufficiently explain how a generalized increase in gang violence, or additionally, her brother's beating, and the death of her friend, affected her claim for relief—which was therefore denied in part because she failed to show a well-founded fear of future persecution due to her membership in a particular social group.   *See Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (explaining that gang violence is not a basis for asylum or withholding unless it is motivated by a protected trait rather than general criminal incentives); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than

5

to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].”); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (“act[s] of random violence” do not constitute persecution).  Finally, the birth of Chavez de Cruz's second son and his new medical needs are changes in personal circumstances, which do not satisfy the changed country conditions exception to the filing deadline.  *See Wei Guang Wang*, 437 F.3d at 274.  In sum, the BIA did not abuse its discretion in denying reopening.  *See Jian Hui Shao*, 546 F.3d at 168–69.

We otherwise dismiss the petition as we lack jurisdiction to review the BIA's “entirely discretionary” decision not to exercise, *sua sponte*, its authority to reopen under 8 C.F.R. § 1003.2(a).  *See Li Chen v. Garland*, 43 F.4th 244, 252, 253 n.7 (2d Cir. 2022) (quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in remaining part.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6